# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**United States of America,**

    **Plaintiff,**

    v.

**Mohamed Idris Ahmed,**

    **Defendant.**

Case No. 2:12–cv–951

Judge Michael H. Watson

## OPINION AND ORDER

Mohamed Idris Ahmed ("Defendant") moved to compel the production of documents and for sanctions. ECF No. 20. The Magistrate Judge issued a report and recommendation ("R&R") recommending the Court deny the motion. ECF No. 37. Defendant objects. ECF No. 38. For the following reasons, the Court **OVERRULES** Defendant's objections and **ADOPTS** the R&R.

## I. BACKGROUND

The facts of this case are fully set forth in the R&R, ECF No. 37. In sum, the Government seeks to revoke Defendant's United States citizenship and cancel his Certificate of Naturalization on the grounds that, *inter alia*, he concealed material facts and made false statements regarding his foreign travel and marital status during the naturalization process. Defendant moved to compel certain documents missing from his official immigration file ("Alien file") or to impose sanctions in the form of dismissal of the action for the failure to produce

those documents. The Magistrate Judge issued an R&R recommending the Court deny Defendant's motion, and Defendant now objects.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Defendant's motion for sanctions concerns four documents that he asserts should have been contained in his Alien file: (1) a copy of his Somali passport No. 0966259; (2) his reentry permit; (3) the Immigration and Naturalization Service ("INS")[1] written notice of interview; and (4) his completed G-325A form. Defendant argues these documents constitute evidence that, contrary to the Government's allegations, he disclosed his foreign travel and marital status during the naturalization process.

It is undisputed that the Government has not produced these documents in discovery. Defendant contends that the Government intentionally or negligently lost or destroyed these documents. He seeks sanctions in the form of dismissal

---

[1] Although the INS is now the United States Citizenship and Immigrant Service, the Court refers to it as INS for ease of reference.

of the action under Federal Rule of Civil Procedure 37 as well as pursuant to the Court's inherent authority to sanction the Government's alleged spoliation of evidence. The Magistrate Judge recommended the Court deny Plaintiff's request pursuant to both authorities. Defendant objects only to the Magistrate Judge's recommendation that the Court deny his request for dismissal pursuant to the Court's inherent authority.

District courts have the inherent power to craft proper sanctions for the spoliation of evidence, including dismissal of a case. *Ross v. Am. Red Cross*, 567 F. App'x 296, 302 (6th Cir. 2014) (citation omitted). "Spoliation is 'the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.'" *Id.* at 301–02 (citation omitted). "To warrant a spoliation sanction, the party seeking the sanction must show that the evidence was destroyed with a culpable state of mind. This factor is satisfied 'by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently.'" *Adkins v. Wolever*, 692 F.3d 499, 504–05 (6th Cir. 2012) (citation omitted). "Because failures to produce relevant evidence fall along a continuum of fault—ranging from innocence through the degrees of negligence to intentionality, the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault." *Ross*, 567 F. App'x at 302 (internal quotation marks and citation omitted).

Defendant argues the Magistrate Judge erred in finding that he failed to establish that the Government intentionally or at least negligently lost or

destroyed the four documents at issue. The Court addresses his objections with respect to each document in turn.

## A. Defendant's Passport

Defendant first seeks sanctions for the Government's failure to produce a copy of his Somali passport No. 0966259. It is undisputed that Defendant's Alien file does not contain a copy of the passport.

In his motion, Defendant argued that the Government lost the copy. He averred he brought the passport to his INS interview and gave it to INS Officer Yvonne Jarrett ("Officer Jarrett"), who took the passport out of the room, presumably to make a copy. First Ahmed Aff. ¶ 3, ECF No. 22. Defendant also complained of several shortcomings in the chain of custody of the Alien file, implying that the Government negligently or recklessly lost the copy of the passport.

The Government responded that a copy of the passport was not included in the Alien file because Defendant did not bring the passport to the interview, or if he did, it did not reflect any foreign travel and thus no copy was made.

The Magistrate Judge concluded that the record contained conflicting evidence as to whether Defendant presented his passport at his INS interview such that Officer Jarrett would have made a copy and placed it in the file. Accordingly, the Magistrate Judge concluded that Defendant did not unequivocally establish spoliation, as the Government could not lose or destroy a document it never possessed. The Magistrate Judge further found that the

evidence regarding the chain of custody that the Government offered in response to Defendant's complaints sufficiently addressed his criticisms.

Defendant objects to the Magistrate Judge's reliance on evidence of the chain of custody as support for the finding that the Government did not knowingly or negligently lose or destroy the documents at issue. He contends that in reviewing the chain of custody, the Magistrate Judge ignored periods of time during which the Alien file was unaccounted for and failed to address the lack of evidence identifying the FBI agents who possessed the file, when they possessed it, and what they may have done with the file.

Defendant does not, however, indicate how consideration of such evidence would negate the evidence in the record indicating that Defendant did not present his passport during the interview. Indeed, if Defendant did not present his passport at the interview, then it would not be in the file, and any chain of custody issues would be irrelevant. Accordingly, Defendant's objection is overruled.

## B. Defendant's Reentry Permit

Defendant next seeks sanctions for the alleged spoliation of evidence of his reentry permit. It is undisputed that Defendant's Alien file does not include a copy of that permit or a copy of the I-131 application Defendant allegedly completed to apply for the permit.

Defendant asserted in his motion that he brought the permit to his interview and gave it to Officer Jarrett, who kept the permit without giving him a copy. First Ahmed Aff. ¶ 3, ECF No. 22.

In response, the Government argued that there is no evidence that Defendant even applied for or was issued a reentry permit. Defendant then filed a notice indicating that he recently found his reentry permit in a briefcase he had previously lost and attached a copy of the same. Ahmed Aff. ¶¶ 1, 2, 5, ECF No. 34-1; Reentry Permit, PAGEID # 1043, ECF No. 34-1.

The Magistrate Judge concluded that although Defendant found his original reentry permit, "the Government has presented some evidence that defendant did not present the reentry permit at the interview, which would therefore explain its absence from defendant's A-file." R&R 25, ECF No. 37. She determined that Defendant has not established that the Government knowingly or negligently destroyed or lost Defendant's reentry permit, as it could not destroy or lose evidence it never had.

Defendant objects to these conclusions. He indicates that even after being presented with evidence of the original reentry permit, the Government did not explain its failure to produce a copy of Defendant's I-131 application or the reentry permit, instead arguing there was no evidence that Defendant presented the permit at the interview. He argues the Magistrate Judge erred in not holding a hearing to require the Government to explain its failure to produce the evidence.

Defendant's argument is not well taken. As the Magistrate Judge noted, although Defendant's recent discovery of the permit confirms its existence, there remains conflicting evidence as to whether Defendant presented the permit at his

interview. Defendant avers he took this re-entry permit with him to his INS interview and gave it to Officer Jarrett. First Ahmed Aff. ¶ 3, ECF No. 22; Second Ahmed Aff. ¶ 5, ECF No. 34-1. Officer Jarrett, however, testified that had Defendant presented the re-entry permit at the interview, she would have made a copy and placed it in Defendant's Alien File. Jarrett Dep. 55–56, ECF No. 22-11. The Court agrees that in light of the factual dispute as to whether the reentry permit was ever part of Defendant's Alien file, it cannot conclude at this time that the Government knowingly or negligently lost or destroyed the reentry permit. Defendant's objection is therefore overruled.[2]

### C. The Written Notice of Interview

Defendant next seeks sanctions for the Government's failure to produce the written notice of his INS interview, which instructed him to bring certain documents to his interview, including his passport and other entry documents. The parties agree that a copy of the notice is not included in Defendant's Alien file, but the Government suggests that it may never have been placed in the file or may have been inadvertently misplaced.

The Magistrate Judge declined to impose sanctions for the absence of the document, noting that Defendant's recent discovery of the notice permits him to

---

[2] The Court notes that contrary to Defendants assertions, the Magistrate Judge did not find Defendant responsible for the absence of Defendant's passport and reentry permit from the Alien file. Rather, she found that there exists *conflicting evidence* as to the reason for the absence, thereby precluding a finding that the Government knowingly or negligently lost or destroyed the evidence.

use the evidence to corroborate his contention that he brought his passport and reentry permit to the interview.[3]

Defendant argues the Magistrate Judge erred in failing to order sanctions because the Government is unable to provide an explanation as to why the notice is absent from the Alien file. Defendant's argument is not well taken, as the lack of an explanation does not conclusively establish the Government's culpability. Moreover, the Court agrees with the Magistrate Judge that Defendant's discovery of the notice diminishes any prejudice caused by its absence in discovery, which weighs against imposing the severe sanction of dismissal. Defendant's objection is therefore overruled.

## D. The G-325A Form

Last, Defendant seeks sanctions for the Government's failure to produce Defendant's completed G-325A form, which would have contained biographical information relevant to his foreign travel and marital status. The parties agree that the form is not in Defendant's Alien file but dispute whether Defendant submitted the form during his interview.

The Magistrate Judge declined to impose sanctions for the alleged spoliation of the form, finding that the record presents conflicting evidence as to whether spoliation occurred.

---

[3] Defendant discovered the original notice in the briefcase he had previously misplaced. Ahmed Aff. ¶ 4, ECF No. 34-1; Notice of Interview, PAGEID # 1038, ECF No. 34-1.

Defendant objects, stating that given the evidence presented that the form is required and that Officer Jarrett would not have made a recommendation about Defendant's naturalization without the form, the Government is at fault for its absence. Defendant does not, however, address the evidence discussed by the Magistrate Judge indicating that the G-325A Form was never part of Defendant's Alien file. See R&R 28–30, ECF No. 37. Indeed, the Magistrate Judge recognized that Defendant presented some evidence indicating that the Government may have been responsible for the absence of the form, but declined to impose sanctions because of the Government's evidence to the contrary. Absent any challenge to that contrary evidence, the Court cannot find that the Magistrate Judge erred in declining to impose sanctions. Defendant's objection is therefore overruled.

In sum, the Magistrate Judge did not err in declining to find spoliation or recommend dismissal of this case where there exists conflicting evidence as to whether the Government ever possessed the evidence that is now missing (the passport, reentry permit, and G-325A Form), as well as evidence that the failure to produce some of the evidence did not prejudice Defendant (the notice of interview).

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objections, ECF No. 38, and **ADOPTS** the R&R, ECF No. 37. Defendant's

motion to compel and for sanctions, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**